MECHANICSVILLE SUPPLY COMPANY, INC. *v.*
NORMAN LANGEVIN ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 4—decided March 7, 1941.

*E. A. Massey,* for the appellant (plaintiff).

*William Perry Barber,* for the appellees (defendants).

ELLS, J. This case comes to us upon the sustaining of a demurrer to a complaint alleging the following facts: The plaintiff is a corporation specially chartered by the legislature and authorized to sell and distribute water for household uses and other purposes, within certain territorial limits, to open highways for the purpose of laying necessary pipes, and to exercise certain powers of eminent domain; it has expended money in

improving its water system to conform to the rules of the state board of health, and has established uniform rates for serving the community with an uninterrupted supply of pure drinking water; it has been deprived of substantial revenue by the activities of the defendants; five individual defendants "are supplying water to families previously supplied by the plaintiff and engaging in the water business in the district . . . without securing a franchise, or complying with" certain statutes and regulations. It is then alleged, as a conclusion of law, that the plaintiff has exclusive rights until another company has secured overlapping franchise rights and complied with the statutory requirements. It seeks an injunction restraining the defendants from digging a well, laying water distribution pipes, or transacting any water business within the district covered by its franchise, and from furnishing water to or soliciting customers now served by the plaintiff.

The defendants demurred upon the grounds that the franchise of the plaintiff confers no exclusive rights, that the damage claimed is damnum absque injuria and that the amended complaint does not show that any legal or equitable right of the plaintiff has been or is about to be invaded by the defendants. We are confronted with the same difficulties that beset the trial court, which pointed out that it does not appear from the complaint whether the defendants are supplying water individually or in some joint capacity, and particularly that the source of supply and the means of distribution are not alleged. It sustained the demurrer upon all grounds. We do not know, nor can we speculate as to what the defendants are doing. The complaint does not state facts upon the basis of which it can be determined whether any rights of the plain-

tiff have been or are about to be invaded. The demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.